IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert L. Sisk, | ) | C/A No. 0:15-2855-MBS-PJG |
|               Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| L.R. Thomas, | ) | |
|               Respondent. | ) | |

The petitioner, Robert L. Sisk, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Edgefield, filed an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  (ECF No. 14.)  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.)  Having reviewed the Amended Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner indicates that, subsequent to a jury trial, he was sentenced to 276 months' imprisonment in November of 2001 by a federal judge in the United States District Court for the Western District of North Carolina.  (ECF No. 14 at 3-4.)  Petitioner states that the United States Court of Appeals for the Fourth Circuit affirmed the conviction on February 12, 2004.  (Id. at 4.)  Petitioner further indicates that he filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which the sentencing court dismissed on October 23, 2009.  (Id. at 2.)

---

[1] To preserve issues raised in this case and to give liberal construction to the pleadings, Petitioner's Petition (ECF No. 1) has been appended to the Amended Petition (ECF No. 14) as an attachment (ECF No. 14-1).  Further, Petitioner's supplemental memorandum (ECF No. 16) to the Amended Petition (ECF No. 16) has been linked to that document on the court's docket and made part of the initial review of this case.

Page 1 of  8



**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the

'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting Rice, 617 F.3d at 807)).[3]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Surratt, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual innocence " 'means factual innocence, not mere legal insufficiency.' " Surratt, 797 F.3d at 250 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

---

[3] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. (ECF No. 14 at 2.) However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252 (same).



In this case, Petitioner alleges that he is serving an unlawful sentence because he "was improperly enhanced as a career offender" based on prior convictions in North Carolina that are no longer considered crimes of violence for purposes of sentence enhancement. (ECF No. 14 at 5.) However, Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion. Instead, Petitioner challenges the legal classification of his predicate offenses, which "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to trigger relief under the savings clause. Surratt, 797 F.3d at 250.

Petitioner further argues that his claims are cognizable under § 2241 in light of Johnson v. United States, 135 S. Ct. 2551 (2015) (holding the residual clause of the ACCA unconstitutionally vague),[4] Persaud v. United States, 134 S. Ct. 1023 (2014) (remanding claims brought pursuant to § 2255 and § 2241 to the United States Court of Appeals for the Fourth Circuit for further

---

[4] Petitioner's reliance on Johnson is misplaced in any event, because he provides no indication that his sentence was enhanced pursuant to the residual clause of the ACCA, which Johnson addressed. Moreover, Johnson has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the Johnson rule may be retroactively applied. Compare Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) (yes), with In re Giewein, No. 15-6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (no); In re Rivero, No. 15-13089-C, 2015 WL 4747749, at *3 (11th Cir. Aug. 12, 2015) (no). Accordingly, addressing the merits of a Johnson claim under § 2241 would be premature in any event and could potentially create a multitude of sentencing issues should the Supreme Court expressly determine that Johnson is not retroactive.



consideration),[5] and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a North Carolina conviction may serve as a predicate offense for purposes of sentence enhancement). (ECF No. 16.) However, none of these cases renders the conduct for which Petitioner was convicted non-criminal. See Surratt, 797 F.3d at 246 (affirming district court's conclusion that a petitioner could not challenge his sentence and obtain relief under § 2241 where "he could not establish that Simmons rendered any of his conduct 'noncriminal' "); see also Swanson v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."); Brown v. Mansukhani, C/A No. 5:15-164-BHH, 2015 WL 2173048, at *5 (D.S.C. May 8, 2015) (adopting and incorporating Report and Recommendation for summary dismissal of a § 2241 petition challenging a mandatory minimum life sentence under Persaud and noting that "the Supreme Court's limited ruling on the petition for certiorari in Persaud does not change the state of existing Fourth Circuit precedent"). Further, while Petitioner asserts that § 2241 relief should be available to challenge a sentence imposed above the statutory maximum, the Fourth Circuit specifically declined to decide that issue in Surratt and did not overrule Fourth Circuit precedent holding that petitioners cannot use

---

[5] Petitioner's reliance on Persuad is likewise misguided because the facts in the instant case are distinguishable from those in Persaud, which involved a sentence enhancement pursuant to 21 U.S.C. § 851 to a statutory mandatory minimum term of life imprisonment. See United States v. Persaud, 87 F. App'x 869, 870 (4th Cir. 2004). In contrast, the instant Petitioner indicates that he received a sentence of 276 months' imprisonment. As such, Petitioner fails to plausibly suggest an entitlement to relief under § 2241 based on Persaud. See Bramwell v. Perdue, C/A No. 5:14CV7, 2015 WL 251419, at *4 (N.D. W. Va. Jan. 20, 2015) (noting that "the application of the savings clause in Persaud related to a very narrow scenario" and holding that a petitioner's challenge to a career offender enhancement did not demonstrate the type of "fundamental" error that existed in Persaud).



the savings clause to challenge their sentences. Surratt,649 F.3d at 269; cf. Poole, 531 F.3d at 267 n.7. As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, this court lacks jurisdiction to consider the Amended Petition in this case. Id. at 268.

### III.  Conclusion

Accordingly, the court recommends that the Amended Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.[6]

*[signature]*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 21, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] If this recommendation is adopted, the Clerk of Court is directed to send a copy of this Report and Recommendation and the District Judge's Order to the Federal Public Defender to evaluate whether Johnson may entitle the Petitioner to relief through other procedural means. See Standing Order (authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson), No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015); but see *supra* n.4.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).