IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert L. Sisk, ) | |
| ) | C/A No. 0:15-2855-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| L.R. Thomas, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Petitioner Robert L. Sisk, appearing *pro se*, is an inmate at the Federal Correctional Institution – Edgefield in Edgefield, South Carolina. He brings this action pursuant to 28 U.S.C. § 2241, first, to challenge the legality of his sentence on the grounds of an improper career offender enhancement, and second, to challenge the Bureau of Prison's failure to motion for a reduction in his sentence. Petitioner has also filed a motion for release pursuant to Fed. R. App. P. 23.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge filed a Report and Recommendation on October 21, 2015, in which she recommended that Petitioner's habeas petition be summarily dismissed without prejudice. ECF No. 20. The Magistrate Judge determined that a § 2241 habeas petition is not the proper way to bring forth Petitioner's challenge as the Petitioner is not asserting actual innocence. ECF No. 20 3-4. The Magistrate Judge reasoned that Petitioner raised no factual issues to suggest that the conduct Petitioner was convicted of was noncriminal. ECF No. 20 at 5. Instead, Petitioner simply challenges the "legal classification" of his predicate offense. *Id*. On November 5, 2015, Petitioner filed objections to the Report. ECF No. 23.

1

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**<u>FACTS</u>**

On November 16, 2001, a jury in the United States District Court for the Western District of North Carolina, found Petitioner guilty of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, under 21 U.S.C. § 841. *Sisk v. United States*, No. 05-CV-312, Order at 2 (W.D.N.C. October 23, 2009). Petitioner was sentenced to 276 months imprisonment. *Id.* at 9. Petitioner's sentence included a "criminal offender" enhancement under the United States Sentencing Guidelines, based on two prior convictions for "assault on a female" under North Carolina state law. ECF No. 16 at 1-2. Petitioner filed a direct appeal and a habeas petition under 28 U.S.C. § 2255. ECF No. 14 at 2, 4. Petitioner also claims to have filed a request with the Director of the Bureau of Prisons, pursuant to 18 U.S.C. § 3582, in which Petitioner asked the Director to motion this court for a reduction in Petitioner's sentence. ECF No. 16 at 5. According to Petitioner, this request was not "process[ed]." *Id.*

On July 22, 2015, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner later filed an amended petition on September 3, 2015. ECF No. 14. In his memoranda, Petitioner argues that the court should modify his sentence and order his

immediate release based on recent case law suggesting that Petitioner's prior conviction for North Carolina's "assault on a female" is not a crime of violence. ECF Nos. 1 at 2; 14 at 8 (citing *United States v. Kelly*, 917 F. Supp. 2d 553 (W.D.N.C. 2013)).

On September 30, 2015, Petitioner filed a supplemental memorandum in which he added a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 16. Additionally, on November 5, 2015, Petitioner filed a motion, pursuant to Fed. R. App. P. 23, requesting that he be released on personal recognizance while his habeas petition remained under review. ECF No. 24. Finally, Petitioner filed two additional supplements to his amended petition on December 14, 2015, and April 29, 2016, respectively. ECF Nos. 27 and 29.

## ANALYSIS

### A.     Savings Clause

Petitioner first objects to the Magistrate Judge's conclusion that a § 2241 habeas petition is an inappropriate vehicle for bringing his challenge. As a general matter, defendants convicted in federal court must rely on § 2255 in seeking habeas relief from their convictions and sentences. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (en banc). However, when § 2255 proves inadequate or ineffective to test the legality of a detention, a federal prisoner may pursue habeas relief under § 2241. *See id*. This exception, found at § 2255(e), has been termed the "savings clause":

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In her report, the Magistrate Judge reasoned that the savings clause could only be used where a petitioner alleges actual innocence of a conviction, which Petitioner fails to do. ECF No. 20 at 4 (citing *United States v. Surratt*, 797 F.3d 240, 256 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015)). Petitioner objects to the Magistrate Judge's reasoning and instead argues that he need not allege actual innocence of a conviction. Instead, Petitioner points to a Seventh Circuit case that suggests the savings clause may be used to challenge the misapplication of the Guidelines. In *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013), the Seventh Circuit reasoned that sentences imposed prior to *United States v. Booker*, 543 U.S. 220 (2005), were based on mandatory Guidelines. Therefore, the Seventh Circuit continued, these Guideline sentences had the "force and effect of law" such that a Guideline maximum was essentially a statutory maximum. *See Brown,* 719 F.3d at 588. Based on this reasoning, the Seventh Circuit held the following:

> For a prisoner serving a sentence imposed when the guidelines were mandatory, a § 2241 habeas petition raising a guidelines error tests the legality of his detention" within the meaning of the savings clause, § 2255(e) . . . .

Petitioner relies on the Seventh Circuit's interpretation and suggests that the Fourth Circuit has endorsed its reasoning. In *United States v. Surratt*, 797 F.3d 240, 256 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015), the Fourth Circuit did leave open the possibility that § 2241 could be used to challenge a sentence imposed above a statutory maximum: "We do not decide whether, for instance, a federal prisoner might bring a § 2241 petition claiming that the district court unlawfully sentenced him to a term of imprisonment exceeding the statutory maximum." *Id.* at 269. However, the Fourth Circuit clarified that it would not weigh in on "whether the Seventh Circuit correctly characterized the former Guidelines regime." *Id.* at 256. More specifically, the

4

Fourth Circuit neither states nor suggests that it agrees with the conflation of pre-*Booker* Guideline maximums with statutory maximums.

Despite the absence of language from the Fourth Circuit, Petitioner nevertheless argues that the sentence imposed on him was above the Guidelines range, and thus properly challenged via the savings clause. At the time of Petitioner's sentencing in 2002, the Guidelines set forth a mandatory sentencing range of 262 to 327 months for an offense level of 34 and a criminal history category of VI. Petitioner argues that had the Guidelines not imposed a "career offender" enhancement under U.S.S.G. § 4B1.1, Petitioner's revised Guidelines range would have been reduced by about ten years. ECF No. 14 at 5. Therefore, Petitioner continues, his 276 month sentence was far above the correct Guideline maximum, which in a pre-*Booker* era, is essentially a statutory maximum and thus appropriately challenged under the savings clause.

Absent applicable authority endorsing the reasoning of the Seventh Circuit, the court finds Petitioner's argument unpersuasive. Even if the Fourth Circuit has left open the possibility of challenging a sentence in excess of a statutory maximum, the Fourth Circuit does not seem to contemplate a challenge in excess of a Guideline maximum. At the time of Petitioner's sentencing, the maximum penalty for a conviction for Petitioner's offense was a life sentence. 21 U.S.C.A. § 841(b)(1)(A)(viii)(2000). Therefore, Plaintiff's 276 month sentence was not in excess of the statutory maximum.

### B.     Bureau of Prisons Motion for Reduction

Next, Petitioner objects to the Magistrate Judge not recommending that this court order the Bureau of Prisons to motion for a reduction in Petitioner's sentence. ECF No. 29. Petitioner asks

the court to consider 18 U.S.C. § 3582, which provides that the court, upon motion of the Director of the Bureau of Prisons, may reduce a prisoner's sentence if the court finds "extraordinary and compelling reasons" for doing so. However, there has been no such motion filed by the Director of the Bureau of Prisons. As such, the court is without authority to modify Petitioner's sentence. *See United States v. Bansal*, 409 F. App'x 663, 664 (4th Cir. 2011) ("Because this case does not involve a motion by the Director of the Bureau of Prisons . . . , we conclude that the district court correctly determined that it lacked the authority to alter the sentence imposed.").

### C.     Challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015)

Petitioner also argues that he should not have been sentenced as a career offender under the Guidelines in light of the recent Supreme Court precedent, *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 16 at 3. In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. *Id.* at 2563. Although *Johnson* addressed the constitutionality of the ACCA and not the career offender provision of the Guidelines, some courts have found that the similarity of the language in the two provisions warrants the application of *Johnson* to the career offender provision. *See United States v. Townsend*, 638 F. App'x 172, 177-78 (3d Cir. 2015) (applying *Johnson* to the career offender provision and remanding for resentencing).

The Fourth Circuit has yet to provide guidance on the issue, and the court need not weigh in on the merits of Petitioner's argument. As discussed above, a petitioner may only challenge the legality of a detention via § 2241 when "§ 2255 proves inadequate or ineffective to test the legality of . . . detention." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citing 28 U.S.C. § 2255(e)).

Petitioner offers no explanation for couching his *Johnson*-related claims in a § 2241 petition rather than a § 2255 motion. Therefore, the court finds that Petitioner's § 2241 habeas petition is an inappropriate vehicle for bringing his *Johnson* challenge.

**D.     Motion for Release**

Finally, Petitioner's motion for release (ECF No. 24), filed while his habeas petition was under review, is denied as moot.

## CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Petitioner's Amended Petition (ECF No. 14) is **DENIED WITHOUT PREJUDICE**.  Petitioner's Motion for Release (ECF No. 24) is **DENIED AS MOOT**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-

7

38(2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

                                                s/ Margaret B. Seymour
                                                Margaret B. Seymour
                                                Senior United States District Judge

Charleston, South Carolina
September 27, 2016